| | | |
|---|---|---|
| **RUFUS HENRY ALLISON, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **N.C. DEPARTMENT OF PUBLIC** | ) | |
| **SAFETY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1]

filed under 42 U.S.C. § 1983.  See 28 U.S.C. §§ 1915(e) and 1915A.

I.      **BACKGROUND**

Pro se Plaintiff Rufus Henry Allison, Jr., ("Plaintiff"), a North Carolina state inmate

currently incarcerated at Warren Correctional Institution located in Norlina, North Carolina, filed

this action pursuant to 42 U.S.C. § 1983.  [Doc. 1].  Plaintiff names the following individuals as

Defendants in this matter: (1) N.C. Department of Public Safety (NCDPS); (2) Erik A. Hooks,

identified as the Secretary of the NCDPS; (3) Mark Slagle, identified as "S.U.P.T." at Mountain

View Correctional Facility ("Mountain View"); (4) Kella Phillips, not otherwise identified; and

(5) "Office Thomes," not otherwise identified.  [Doc. 1 at 4; see Doc. 10].  Plaintiff admits that he

did not exhaust his administrative remedies before filing this Complaint.  [Doc. 1 at 2].

The Court takes the following allegations by Plaintiff as true for the purpose of this initial

review:

> I was walking across the floor in the dayroom and I stepped on some
> standing water and injury my lower back.  Office Thomas on 4-20-
> 2019 in E-wing on the east side at 9:19 pm to 9:45 pm E-wing.

> On 4-23-2019 my back when out. Gave me a walker for 3 days. It happened at Mountain View CI prison. From 4-20-2019 I have not had the right medician [stet] for my pain. 12-6-2019. I have not seen the P.A. but 3 times. I have a pinch nerve + [dislocated disk] in my lower back from the injury. I'm in pain. Thank you.

[Doc. 1 at 3 (spelling and grammatical errors uncorrected)].

Plaintiff does not state any particular claims or how he believes his constitutional rights were violated. For relief, Plaintiff seeks particular medical care for his injuries and compensatory damages. [Id. at 5].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In its initial review, the Court finds that Plaintiff's Complaint suffers from many deficiencies. First, Defendant NCDPS will be dismissed as a Defendant in this action. Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).

Further, Plaintiff appears to name Defendant Hooks only in his supervisory capacity. Because Plaintiff's allegations are not of the type or scope that could implicate personal participation by Defendant Hooks, as secretary of the NCPDS, he will be dismissed as a Defendant in this matter. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature, and the doctrine of respondeat superior does not apply).

As for Defendants Slagle, Phillips, and Thomes, Plaintiff makes no allegations regarding how each of them personally participated in the alleged conduct. Defendants Slagle and Phillips are not even mentioned in Plaintiff's Statement of Claim. [See Doc. 1 at 3]. The Court will, therefore, allow Plaintiff leave to amend his complaint to properly state a claim against these Defendants, if Plaintiff so chooses. In his amended complaint, Plaintiff must allege how each individual Defendant personally participated in the alleged violations of constitutional rights.

The Court also notes that Plaintiff admits that he did not exhaust his administrative

remedies before filing this Complaint. The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

As such, Plaintiff should consider whether he can meet these requirements should he decide to file an amended complaint. In sum, Plaintiff's Complaint, as submitted, suffers from numerous deficiencies and fails to state a claim against any named Defendant. The Court will dismiss Defendants NCDPS and Hooks for the reasons stated herein. The Court will allow Plaintiff the opportunity to amend his Complaint in accordance with the terms of this Order, if he so chooses.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants N.C. Department of Public Safety and Hooks will be dismissed. 28 U.S.C. §§ 1915(e) and 1915A.

2. Plaintiff shall have thirty (30) days in which to amend the complaint, particularizing his claims and providing facts to support his legal claims against each remaining Defendant. If Plaintiff fails to amend the complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. The Clerk is respectfully instructed to mail Plaintiff a new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

Signed: February 19, 2020

Frank D. Whitney
Chief United States District Judge