## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:19-cv-00342-FDW

| | | |
|---|---|---|
| RUFUS HENRY ALLISON, Jr., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| N.C. DEPARTMENT OF PUBLIC | ) | |
| SAFETY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint

[Doc. 12], filed under 42 U.S.C. § 1983.  See 28 U.S.C. §§ 1915(e) and 1915A.  Plaintiff is

proceeding in forma pauperis.  [Docs. 2, 7].

## I.     BACKGROUND

Pro se Plaintiff Rufus Henry Allison, Jr., ("Plaintiff"), a North Carolina state inmate

currently incarcerated at Warren Correctional Institution located in Norlina, North Carolina, filed

this action pursuant to 42 U.S.C. § 1983.  [Doc. 1].  In his original Complaint, Plaintiff named the

following individuals as Defendants in this matter: (1) N.C. Department of Public Safety

(NCDPS); (2) Erik A. Hooks, identified as the Secretary of the NCDPS; (3) Mark Slagle, identified

as "S.U.P.T." at Mountain View Correctional Facility ("Mountain View"); (4) Kella Phillips, not

otherwise identified; and (5) "Office Thomes," not otherwise identified.  [Doc. 1 at 4; see Doc.

10].  In his original Complaint, Plaintiff alleged:

> I was walking across the floor in the dayroom and I stepped on some
> standing water and injury my lower back.  Office Thomas on 4-20-
> 2019 in E-wing on the east side at 9:19 pm to 9:45 pm E-wing.
> On 4-23-2019 my back when out.  Gave me a walker for 3 days.  It
> happened at Mountain View CI prison.  From 4-20-2019 I have not

had the right medician for my pain.  12-6-2019.  I have not seen the
P.A. but 3 times.  I have a pinch nerve + [dislocated disk] in my
lower back from the injury.  I'm in pain.  Thank you.

 [Doc. 1 at 3 (spelling and grammatical errors uncorrected)].  Plaintiff did not state any particular

claims or how he believed his constitutional rights were violated.

On initial review of Plaintiff's original Complaint, the Court found that Plaintiff's

Complaint suffered from numerous deficiencies.  [Doc. 11].  In addition to dismissing Defendants

NCDPS and Hooks, the Court held that Plaintiff failed to state a claim against Defendants Slagle,

Phillips, and Thomes because "Plaintiff [made] no allegations regarding how each of them

personally participated in the alleged conduct."  [Id. at 3].  The Court allowed Plaintiff thirty (30)

days to file an amended complaint "particularizing his claims and providing facts to support his

legal claims against each remaining Defendant."  [Id. at 5].

Plaintiff timely filed an amended Complaint [Doc. 12], which is now before the Court on

initial review.   In his amended Complaint, Plaintiff has omitted claims against Defendants Slagle,

Phillips, and Thomes and instead names only the NCDPS as a Defendant in this matter.  [Id. at 1-

3]. Plaintiff claims that his rights under the Eighth Amendment were violated by Defendant

NCDPS "disregarding health and physical well-being by not supervising properly, placing

[Plaintiff] in hazardous and dangerous living conditions."  [Id. at 4].  Plaintiff alleges that on April

20, 2019, while he was going to check the "post-it board," he slipped on a "shallow puddle of

water due to water leaking from [a] purge fan in [the] ceiling."  [Id.].

For injuries, Plaintiff states he injured his lower back, including a dislocated disk and

pinched nerve.  [Id. at 5].  For damages, Plaintiff seeks monetary relief.  [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the amended Complaint, or any portion of it, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his amended Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

Plaintiff's amended Complaint fails initial review.  As Plaintiff was previously advised [Doc. 11 at 3], the NCDPS is not subject to suit under § 1983.  Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989).  Furthermore, the Eleventh Amendment bars Plaintiff's suit for

3

monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  Plaintiff's claim, which seems most appropriately characterized as one for simple negligence, is not proper here.

The Court will, therefore, dismiss Plaintiff's amended Complaint with prejudice.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV.    CONCLUSION

For the reasons stated herein, Plaintiff's second amended complaint is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Amended Complaint [Doc. 12] is **DISMISSED WITH PREJUDICE.**

2.  The Clerk is respectfully instructed to terminate this action.

Signed: April 16, 2020

Frank D. Whitney
Chief United States District Judge

4